UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Civil Action No.**

TECHNICAL SERGEANT BRANDON GARBRICK, USAF,

    *Plaintiff*

v.

UNITED STATES AIR FORCE and
UNITED STATES OF AMERICA,

    *Defendant*

## COMPLAINT

Plaintiff Technical Sergeant Brandon Garbrick, USAF ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant United States Air Force ("USAF") and Defendant United States of America (collectively "Defendants"), and alleges as follows:

### I.   INTRODUCTION

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, to compel Defendants to release records that have been unlawfully withheld from Plaintiff, despite his timely and detailed requests submitted on December 18, 2024.

### II.   PARTIES

2. Plaintiff Technical Sergeant Brandon Garbrick is a member of the United States Air Force and resides in Florida.

3.  Defendant United States Air Force is a federal agency subject to FOIA and the Privacy Act.

4.  Defendant United States of America is named as a necessary party under 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(1).

### III.  JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1), and 28 U.S.C. §§ 1331, 1346.

6.  Venue is proper in this judicial district under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5), and 28 U.S.C. § 1391(e), as Defendants maintain their principal offices in the District of Columbia and the requested records are believed to be located therein.

### IV.  FACTUAL BACKGROUND

**A.  Plaintiff's December 18, 2024, Privacy Act and FOIA Requests**

7.  On December 18, 2024, Plaintiff (through counsel) submitted a Privacy Act request ("PA Request") via the SecureRelease Portal to the USMC, specifically addressing all records maintained by SAFE/MRBC (AFBCMR) concerning BNMR Case BC-2022-02829 and related administrative separation proceedings involving plaintiff. The request was assigned tracking number 2025-00006-P. *See* **Exhibit 1**.

8.  Concurrently, Plaintiff (through counsel) submitted a FOIA Request ("FOIA Request") via SecureRelease to the USAF, specifically addressing all records maintained by SAFE/MRBC (AFBCMR) concerning BNMR Case BC-2022-02829 and related administrative separation proceedings involving plaintiff. The request was assigned tracking number 2025-01900-F. *See* **Exhibit 2**. These requests detailed:

- The complete case file Materials

    a.  Complete administrative record, including applications, advisory opinions, exhibits, transcripts, Board deliberations, and decisions.

- Correspondence

    b.  All emails, memoranda, and notes involving the 71st Rescue Squadron, 347th Rescue Group, OSI, Staff Judge Advocates, and external legal representatives.

- Discovery and Evidence:

    c.  All discovery-related materials, including requests, responses, summaries, and undisclosed evidence (e.g., the second body camera footage).

- Policies and Procedures:

    d.  Copies of policies, practices, or procedural guidance applied in this case.

- Timeframe:

    e.  Records created or modified between January 1, 2018, and the present.

- Formats and Metadata:

    f.  For electronic records, provide files in their native format with metadata intact.

9. Plaintiff also requested a fee waiver under FOIA, citing the public interest in the transparency and accountability of Air Force administrative proceedings.

10. As of February 7, 2025, Defendants have failed to respond to Plaintiff's requests, violating statutory deadlines under FOIA and the Privacy Act.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. FOIA Constructive Exhaustion: More than 20 business days have passed since Plaintiff's December 18, 2024, FOIA Request, and no response or substantive determination has been provided. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-66 (D.C. Cir. 1990), Plaintiff has constructively exhausted his administrative remedies under FOIA.

12. Privacy Act Constructive Exhaustion: Over 40 days have passed since Plaintiff submitted his December 18, 2024 Privacy Act request. Defendants are obligated to respond within a reasonable time, yet no acknowledgment or disclosure has occurred. Plaintiff has thus constructively exhausted his remedies under 5 U.S.C. § 552a(g)(1). See *Dick v. Holder*, 67 F. Supp. 3d 167, 188 (D.D.C. 2014).

13. Defendants' failure to act under both statutes deprives Plaintiff of timely access to records necessary to investigate alleged retaliatory measures taken against him and infringes on the public's right to transparency in military administrative practices and oversight responsibilities.

## VI. CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of the Freedom of Information Act

14. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

15. By failing to respond and by withholding records requested under FOIA, Defendants violate 5 U.S.C. § 552(a)(3) and 5 U.S.C. § 552(a)(6)(A).

16. Defendants have neither produced records nor claimed any FOIA exemptions within the statutory time limit, causing harm to Plaintiff and undermining transparency.

## SECOND CLAIM FOR RELIEF
### Violation of the Privacy Act

17. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

18. Under 5 U.S.C. § 552a(d)(1), agencies must provide individuals access to records pertaining to them within a reasonable time. Defendants have failed to do so despite Plaintiff's proper request and identity verification.

19. Defendants' inaction has hindered Plaintiff's ability to address errors in his records, to investigate the actions taken against him, and ensure his rights under the Privacy Act are upheld.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Technical Sergeant Brandon Garbrick, USAF, respectfully requests that this Court:

A. Declare that Defendants' failure to respond to Plaintiff's FOIA and Privacy Act requests violates 5 U.S.C. § 552 and 5 U.S.C. § 552a;

B. Order Defendants to conduct good-faith searches for all responsive records and to produce all non-exempt records by a date certain;

C. Enjoin Defendants from withholding any non-exempt records responsive to Plaintiff's requests;

D. Award Plaintiff reasonable attorney's fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and

E. Grant any other relief this Court deems just and proper.

DATED this 7th day of February 2025.

> Respectfully submitted,
>
> ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
>
> *s/ Jason R. Wareham*
> Jason R. Wareham (D.C.D.C. Bar No. 1658988)
> 1600 Stout Street, Suite 1900
> Denver, CO 80202
> Telephone: (303) 534-4499
> E-mail: jwareham@allen-vellone.com
>
> ATTORNEYS FOR PLAINTIFF